On reaching 60, plaintiff, appearing pro se, sued to recover military retirement pay. He alleges entitlement to such pay on the ground of his having been in the naval reserve from 1941 through 1962. Defendant moves to dismiss on the ground that plaintiff has not shown any right to retirement pay under the controlling statute.[1] Defendant is clearly correct.
Under 10 U.S.C. §§ 1331-1337, a person such as plaintiff with no more than reserve service is entitled to retired pay only if he is at least 60 years of age and has performed at least 20 years of satisfactory service as computed under § 1332. The latter provision gives credit for all time spent on active service in the naval reserve prior to July 1, 1949, but as to reserve service after July 1, 1949, the individual receives credit only for each such year in which he has been credited with at least 50 points. The same provision specifies the ways in which points may be earned each year.
From plaintiffs submissions with his petition it is indisputable that he does not have the necessary twenty years of service. Prior to July 1, 1949, he had 5 years, 4 months and 5 days of active service (for all of which he has been credited). After July 1, 1949, he added only one year of service qualifying under the statute. The total is obviously far short of the necessary 20 years.[2] Navy officials and the Board for Correction of Naval Records properly found him not entitled to retirement pay.
*760 So far as we can determine from plaintiffs submissions he may believe that he was entitled to retirement pay under the law in effect when he enlisted in 1941 and during the period prior to July 1, 1949. This is wrong. Under that law the only reservists in plaintiffs category who could be paid retirement pay were those retired or who should have been retired for physical disability (as plaintiff was not). It was not until the passage in 1948 of the act now codified in 10 U.S.C. § 1331 et seq. that nondisability retirement became available to reservists like him. That statute, which is now the only source of plaintiffs right to retirement pay (see, e.g. Werner v. United States, 226 Ct. Cl. 462, 642 F.2d 404, 408-09 (1981)), does not permit him to recover. Although plaintiff seems to think otherwise, it is incontrovertible that that statute does not give retired pay unless there have been 20 years of qualifying service (which plaintiff clearly does not have).
It is also plain that plaintiff was not informed otherwise by the Navy in the documents he proffers to us. He was not given incorrect information as to his lack of right to retirement pay.
Accordingly, it is ordered, without oral argument, that defendant’s motion to dismiss is granted and the petition is dismissed.

 Plaintiff has failed to reply to defendant’s motion.

 Even if the whole period he was in the naval reserve from June 1941 to July 1, 1949 should be automatically counted (as he appears to claim), he would not have the necessary 20 years.